the safest way to avoid the gate was to hasten forward. The crowd behind him might well impede any effort to return, and it would seem that his safest plan was to hurry forward.

The charge of the court was as favorable as defendant had a right to ask.

The negligence of defendant is clear in having a gate suspended above the passageway which would fall so rapidly, and which could not be controlled by the operator.

The judgment should be affirmed.

DYKMAN, J., concurred; CULLEN, J., not sitting.

Judgment affirmed, with costs.

---

In the Matter of the Application of CHARLES S. WHITNEY and Others, Appellants, for a Writ of Mandamus to GEORGE KINKEL and Others, Supervisors of King's County, Respondents.

*Division of a county into Assembly districts — division made in reference to citizen population.*

It is impossible to divide a county into eighteen Assembly districts and to have an exact mathematical equality in the divisions as to the population therein, and where the citizen population practically bears the same relation to the alien population in all the districts, it is immaterial whether or not the supervisors of the county divided the county into Assembly districts in reference to citizen population only.

APPEAL by the relators, Charles S. Whitney and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 25th day of August, 1893, denying the relators' motion for a writ of mandamus.

*Jesse Johnson* and *F. E. Barnard*, for the relators, appellants.

*John B. Meyenborg*, for the respondents.

PRATT, J.:

It is not necessary to discuss the questions raised in this case as they are involved in the case of *Baird* and others against the same defendants,* now before the court.

---

* See *ante*, page 545.

The only point in this case not raised in the *Baird* case is as to whether the defendants were bound to divide the county into eighteen Assembly districts equal in reference to citizen population as nearly as attainable.

Assuming such to be the construction of the law, it does not appear that there is any such material discrepancy in this case as will justify setting aside the apportionment.

It would be impossible to have an exact mathematical equality and the law does not require it.

The court below has found that that makes no difference as the citizen population practically bears the same relation to the alien population in all the Assembly districts, and we are forced to the same conclusion.

The order must be affirmed, with costs.

DYKMAN, J., concurred; CULLEN, J., not sitting.

Order affirmed, with costs.

---

EUGENE SISCO, Respondent, *v.* THE LEHIGH AND HUDSON RIVER RAILWAY COMPANY, Appellant.

*Negligence — charge of the court in relation thereto — damages for personal injuries.*

In an action brought to recover damages for personal injuries alleged to have been caused by the negligence of a railway company, it was shown that the plaintiff was a brakeman, and that while climbing up the side of a car in the discharge of his duties he was struck and injured by the arm of a mail crane which projected so as to come within twelve inches of such car.

The mail crane had been erected for about four weeks, and the plaintiff had passed it three times before the accident. He had received no notice of its erection and there was no evidence of any necessity for the projecting arm to come within twelve inches of the side of the car.

*Held,* that it was proper for the trial court to refuse to charge that the nearness of the structure to the track was no evidence of negligence.

APPEAL by the defendant, The Lehigh and Hudson River Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 5th day of July, 1893, upon the verdict of a jury for $8,000, after a trial at the Orange County Circuit, with notice of an intention to bring up for review upon such appeal an order